IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY MURRELL OWEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0124 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
FOR FAILURE TO PAY FILING FEE or,
ALTERNATIVELY, FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

Petitioner JIMMY MURRELL OWEN has filed with this Court an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq. Petitioner has not, however, submitted with his petition any payment to satisfy the requisite filing fee, nor has he submitted an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined. Further, petitioner has failed to exhaust his state court remedies prior to filing in federal court.

I.
PROCEDURAL HISTORY

According to his application, on April 16, 2003, petitioner was convicted by a jury, in the 47th Judicial District of Randall County, Texas, of the felony offense of conspiracy to commit

burglary of a habitation. As a result of this conviction, petitioner was sentenced to twenty (20) years confinement in the Texas Department of Criminal Justice, Institutional Division. Petitioner avers he directly appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas who, on April 29, 2004, affirmed petitioner's conviction. Petitioner does not indicate that he filed a petition for discretionary review with the Texas Court of Criminal Appeals.

Petitioner advises that on April 24, 2005, he mailed a state application for habeas corpus relief from his conviction to the trial court. Petitioner explains that "because of the late date of receiving notice of the denial of my appeal, [he] was compelled to submit [his] 11.07 and 2254 within the same month to preserve [his] AEDPA deadline." Review of the state court on-line docket sheet confirms petitioner's state habeas application was filed of record on May 3, 2005.

On May 2, 2005, petitioner filed with this Court, the instant federal petition for a writ of habeas corpus. Petitioner avers he placed the petition in the prison mailing system on April 27, 2005.

## II.
## FAILURE TO PAY FILING FEE

Petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee, nor did he submit an Application to Proceed *In Forma Pauperis* or a certified *in forma pauperis* data sheet from the institution in which he is confined. It is petitioner's obligation to ensure that the filing fee is submitted to the Court or that permission to proceed *in forma pauperis* is received in lieu of the filing fee. Because petitioner has failed to pay the requisite filing fee in this case, or obtain permission to proceed without payment of the filing fee, it is the opinion of the undersigned that petitioner's case should be DISMISSED.

2

III.
EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless it appears that**—

> (A) **the applicant has exhausted the remedies available in the courts of the State**; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (emphasis added). The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action

3

>  on causes properly within its jurisdiction until the courts of another sovereignty with
>  concurrent powers, and already cognizant of the litigation, have had an opportunity
>  to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

      Petitioner has filed a state habeas corpus application challenging the same conviction he now challenges in the instant federal habeas application. The state habeas application is currently

pending before the state courts.[1] The state's highest court has not yet had an opportunity to review and determine the merits of petitioner's application. As the grounds raised in petitioner's federal habeas application have not been exhausted, this Court is clearly precluded, by statute, from granting federal habeas corpus relief in this proceeding. Petitioner has not provided this Court with any evidence demonstrating an exception to this prohibition. Accordingly, said application is subject to summary dismissal in order that petitioner may present to, and obtain a ruling by, the Texas Court of Criminal Appeals on the unexhausted grounds.

With regard to petitioner's argument that he had to simultaneously file the state and federal habeas petitions in order to "preserve [his] AEDPA deadline," the undersigned notes 28 U.S.C. § 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner JIMMY MURRELL OWEN be, in all things, DISMISSED for failure to pay the $5.00 filing fee. Alternatively, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner JIMMY MURRELL OWEN be, in all things, DISMISSED for failure to exhaust state court remedies.

---

[1] The undersigned further notes that because there is an ongoing state judicial proceeding, an important state interest in subject matter of the proceeding is implicated, and the state proceedings afford adequate opportunity to raise constitutional challenges being asserted in this federal court. Therefore, the abstention doctrine allows this Court to decline jurisdiction. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (requiring federal courts in many circumstances to refrain from interfering with state proceedings).

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>13th</u> day of May 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).